UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAIDIVERT HURTADO ANCHICO,
Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,
Respondents.

Case No.: 26cv3559-LL-JAC

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

[ECF No. 9]

Before the Court is Petitioner Jaidivert Hurtado's Amended Motion to Enforce Judgment. ECF No. 9. Respondents filed a response opposing the Motion and Petitioner filed a Reply. ECF Nos. 10, 11. For the reasons set forth below, the Court **DENIES** the Motion.

On May 20, 2026, this Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered an individualized bond hearing before an immigration judge ("IJ"). ECF No. 11. On May 20, 2026, IJ Mark Sameit held a bond hearing and denied bond, finding Petitioner to be a flight risk. ECF No. 9-2. In support thereof, the IJ "did not find the [Petitioner's] testimony to be credible in light of the evidence submitted." *Id.* at 8. For example, the IJ stated on the record that Petitioner "driving 180 miles from LA to play soccer at someone's house and then driving all the way down to go to a casino right on the border, um, simply is not matching. The court notes that, uh, his story does not match up

with the … record[ing] on 2/13 in his place." *Id.* The IJ stated that "[u]ltimately, the court finds that the [Petitioner] has not met his burden of showing he's not a danger to the community or a flight risk, and the court is going to deny bond at this time." *Id.*

On July 10, 2026, Petitioner filed the instant Amended Motion to Enforce Judgment arguing that the IJ did not comply with this Court's May 20, 2026 order because the IJ did not consider "alternative conditions of release." ECF No. 9 at 3-6. However, this Court's order stated: "The immigration judge shall consider alternative conditions of release and Petitioner's ability to pay bond *if he determines bond is appropriate*." ECF No. 6 at 3-4 (emphasis added). Here, the IJ determined that bond is not appropriate, so the IJ did not have to consider alternative conditions of release. Moreover, there is no other basis for this Court to enforce its judgment. While federal courts have "inherent power to enforce its judgments" (*Peacock v. Thomas*, 516 U.S. 349, 356 (1996)), the district court reviews an immigration custody determination in habeas proceedings under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In doing so, the court "cannot reweigh evidence but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785.

Nowhere in his Motion or Reply does Petitioner argue that the IJ applied the incorrect legal standard or assert some violation of his constitutional rights. Accordingly, the Court **DENIES** Petitioner's Motion to Enforce Judgment.

**IT IS SO ORDERED**.

Dated: August 27, 2026

Honorable Linda Lopez
United States District Judge